Louis Molic et al. *v.* Zoning Board of Appeals of the Town of Redding et al.
(6614)
(6615)
(6616)

Borden, O'Connell and Stoughton, Js.

Argued November 2, 1988—decision released April 18, 1989

*Michael N. LaVelle,* with whom, on the brief, was *Lisa L. Brown,* for the appellant-appellee (named defendant).

*George M. Cohan,* with whom, on the brief, were *Richard A. Smith* and *Harvey J. Kulawitz,* for the appellants-appellees (defendant Dennis Pistone et al.).

*Nancy Burton,* for the appellees-appellants (plaintiffs).

STOUGHTON, J. The defendants Dennis J. and Nancy R. Pistone, and the defendant Redding zoning board of appeals (board) appeal separately from the decision of the trial court reversing a decision of the board. The essential claim of the defendants is that the court erred in that it exceeded the proper scope of judicial review. The plaintiffs also have appealed and claim that the court erred (1) in presuming that the Pistones' parcel of land could be subdivided and resubdivided, (2) in that its conclusion usurped the functions of the Redding planning and zoning commission (commission), and (3) in that its conclusion forecloses the plaintiffs from benefiting from their successful appeal. We find error on the defendants' appeals.

The plaintiff Louis Molic[1] owns property in Redding that is within 100 feet of property that the Pistones purchased on March 25, 1985, consisting of 2.015 acres. The Pistones purchased that property from the executors of the estate of Joy P. Cushman. On October 10, 1986, the Pistones applied to the commission for a permit to erect a single-family residence, and, on October 14, 1986, a permit was issued by the zoning enforcement officer. On October 31, 1986, the plaintiffs appealed to the board, asserting that the permit had been issued in violation of § 6.2[2] of the zoning regulations of the town of Redding in that the application did not include a copy of a subdivision plan approved by the commission. The plaintiffs sought revocation of the permit. The board conducted a hearing and denied the appeal, whereupon the plaintiffs appealed to the trial court. The court sustained the plaintiffs' appeal, and these appeals followed.

Cushman acquired a portion of her property from her parents in 1929 by one deed by which her father conveyed a tract described as one acre more or less and her mother conveyed a tract described as two acres more or less. There was a house on this parcel and there were other structures. Cushman lived in the house for

[1] Another plaintiff, Robert Natkin, did not allege statutory aggrievement. After an evidentiary hearing, the trial court found that Molic was an aggrieved party under General Statutes § 8-8. Natkin was not present to testify at this hearing, however, and the court was unable to find that he was aggrieved under either the statute or the classical formulation. In its judgment, the court stated that it found for the plaintiffs Molic and Natkin. It is clear that the reference in the judgment to Natkin is merely an oversight by the clerk, and that the judgment should be corrected to reflect that the appeal is dismissed as to Natkin for lack of aggrievement.

[2] Zoning Regulations of the Town of Redding § 6.2 provides in pertinent part: "Application for a zoning permit shall consist of:

"(a) Application form and fee, as prescribed by the Zoning Commission.
"(b) One copy of the following, where applicable:
—site plan approved by Zoning commission (Sections 5.1, 5.2);
—subdivision plan approved by Planning Commission . . . . ''

many years until her death in 1983. Cushman had added a small triangular piece to the southeast which she acquired by deed in 1943, and it appears that there is a swimming pool that was constructed so that it lies across the boundary between the land acquired in 1929 and that acquired in 1943.

Cushman's mother also owned a large piece acquired as several parcels which consisted of several acres lying northerly of the parcel on which the house was situated. This land was distributed by the mother's estate to Cushman and her two sisters, each taking an undivided one-third, and described in the certificate of distribution as containing thirteen acres, more or less. On September 2, 1939, Cushman and her two sisters conveyed 7.45 acres more or less to Bridgeport Hydraulic Company. On September 9, 1939, each of the two sisters conveyed her interest in the remaining portion of this property to Cushman, describing the parcel in their deed as containing three and one-half acres, more or less.

The northerly parcel was heavily wooded and there were stone walls separating the northerly and southerly pieces although there were gaps in the walls. A surveyor for the plaintiffs traced the history of the acquisition of the property by Cushman's parents and concluded that there were five tracts which could be identified. Cushman mortgaged her property in 1951 and in the mortgage deed described two tracts, the first being the parcels obtained from her parents and the second being the small triangular piece. The property was taxed as one piece, but it was customary in Redding to consolidate tracts owned by a single owner and to tax them as one piece.

Zoning regulations were adopted in Redding and became effective in 1950. Subdivision regulations were adopted and became effective in 1957.

In 1984, a map prepared for the estate of Joy Paine Cushman was filed. This map showed the total area of the property which had been owned by Cushman to be 8.490 acres. It showed the parcel acquired by Cushman from her parents, with the addition of the small triangular piece, as containing 4.208 acres. It showed the northerly parcel as divided into two lots, the westerly lot containing 2.015 acres and the easterly lot containing 2.267 acres, a total acreage for the northerly parcel of 4.282 acres. Both of those lots were conveyed by the estate, as was the southerly parcel. The Pistones acquired the westerly lot containing 2.015 acres. It is now known as 1 Mark Twain Lane and is the lot for which the zoning permit which is the subject of this appeal was obtained.

The plaintiffs claimed that all of the property that had been owned by Cushman had been merged by use and intent into one parcel, and that the 1984 map that showed three lots was an unapproved subdivision.[3] The board concluded that there had not been a merger and that the estate had not created a subdivision by showing three lots on the 1984 map. The trial court, after considering the transcript of the hearing and the same exhibits that had been submitted to the board, concluded that there were five lots, four of which had merged to become one parcel, that the estate had divided the property into three lots, that it was contrary to the zoning regulations and state law to have done so, and that the board had acted illegally in not revoking the zoning permit.

---

[3] General Statutes § 8-18 provides in pertinent part: " '[S]ubdivision' means the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision . . . ."

An owner of contiguous parcels of land may merge those parcels to form one tract if he desires to do so. An intent on the part of the owner to do so may be inferred from his conduct with respect to the land and the use which he makes of it. That is not to say that he must be deemed to have done so on the facts of this case. Intent is a question of fact. *Hoagland* v. *Zoning Board of Appeals,* 1 Conn. App. 285, 290, 471 A.2d 655 (1984).

The plaintiffs have cited no authority, nor have we been able to find any, for the proposition that an owner must be deemed to have merged contiguous lots simply because the town taxes his land as one tract and he does not take any action physically to demonstrate that he desires to retain it as separate lots. The one exception we have found where merger may occur by operation of law is that found in some zoning regulations which may require, either expressly or implicitly, that under certain conditions a nonconforming lot merges with contiguous land owned by the same owner. See *Neumann* v. *Zoning Board of Appeals,* 14 Conn. App. 55, 60, 539 A.2d 614, cert. denied, 208 Conn. 806, 545 A.2d 1103 (1988); *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 48 n.2, 484 A.2d 483 (1984); but see *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 338, 130 A.2d 789 (1952). This is an understandable requirement because it furthers the general zoning purpose of eliminating nonconforming lots. No such regulation, however, has been brought to our attention in this case.

Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing. *Torsiello* v. *Zoning Board of Appeals,* supra, 49. Where the board has stated the reasons for its action, a review-

ing court may only determine whether the reasons given are supported by the record and are pertinent to the decision. Id., 50.

When the plaintiffs appealed to the board and challenged the zoning permit that had been issued, it became the duty of the board to apply the regulations to the facts and to determine whether, on the facts of the case, the regulations required that a copy of a subdivision approval be submitted with the application. See *Lawrence* v. *Zoning Board of Appeals,* 158 Conn. 509, 513, 264 A.2d 552 (1969).

The board decided that the northerly and southerly Cushman parcels had not been merged and that subdivision approval was not required. It voted unanimously to deny the plaintiffs' application to rescind the zoning permit. Contiguous land all owned by the same person does not necessarily constitute a single lot. *Schultz* v. *Zoning Board of Appeals,* supra, 338.

Zoning boards of appeal are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application. *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 442, 190 A.2d 594 (1963). In discharging this responsibility, a board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Id.

Upon the record, we cannot say that the board acted unreasonably, arbitrarily or illegally in concluding that the Pistone permit should not be revoked. The trial court erred by substituting its judgment for that of the board regarding whether a subdivision approval was

required, and by deciding that a merger had occurred in the absence of an applicable zoning regulation regarding such merger.

Our decision makes it unnecessary to consider the issues raised by the plaintiffs' appeal.

There is error on the defendants' appeals, the judgment is set aside and the case is remanded to the trial court with direction to dismiss the appeal as to the plaintiff Louis Molic on its merits, and to dismiss the appeal as to the plaintiff Robert Natkin for lack of aggrievement. The plaintiffs' appeal is dismissed.

In this opinion the other judges concurred.