[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE
The motion to strike is granted.
The plaintiff does not allege sufficient facts as would entitle him to either an injunction or a declaratory judgment. He alleges that one of the defendants plans to offer real property for sale. He claims that the lot which the defendant wants to sell is a non-conforming lot which has merged under the zoning laws into an adjacent lot owned by the defendant. The plaintiff further claims that a sale will violate the zoning laws and will cause him harm.
Generally, the enforcement of zoning regulations is the responsibility of the zoning commission. An individual may only enforce zoning regulations where a violation results in special damages to the individual. Schomer v. Shilepsky,169 Conn. 186, 194 (1975). Since the plaintiff merely alleges a defendant has offered property for sale, the allegations relating to harm, that is, a decrease in property value, an increase in traffic flow, and loss of light and air, are conclusions which are not supported by the pleadings. The allegations are insufficient to establish special damage or a need for a declaratory judgment. See Practice Book 390(a) and CT Page 4094 (b).
The plaintiff also has an alternative remedy. Should someone attempt to build on the property, the person must first obtain a certificate from the zoning enforcement officer that the building, use or structure is in conformity with the zoning regulations or is a valid nonconforming use under the regulations. Gen. Stats. 8-3 (f). The plaintiff can appeal from the granting of the certificate. Molic v. Zoning Board of Appeals, 18 Conn. App. 159 (1989). The plaintiff should be left to seek redress by the alternative remedy. Practice Book 390(c).
THIM, JUDGE