[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Board of Appeals of the Town of Newington which reversed a decision of the Zoning Enforcement Officer, Wayne T. Bell, plaintiff in this action.
Defendants Elsie Yawin and Robert A. Yawin (hereinafter the Yawins), owners of three lots situated in the Town of Newington, had sought permission from the plaintiff to use one of the lots for a separate building lot. The request was denied by the plaintiff, and they appealed said ruling to the town's Zoning Board of Appeals. The Zoning Board held a hearing, sustained the appeal of the Yawins, and granted them permission to utilize said lot as a building lot. This present appeal was taken by the plaintiff . The court finds that he is an aggrieved person under General Statutes section 8-8(a).
Sometime prior to the adoption of zoning in the Town of Newington a subdivision map ("Carr Subdivision Map") was filed in the Town Clerk's office of Newington. The map described 225 building lots, the majority of which had 50 feet of CT Page 4204 frontage on a street and were approximately 110 feet to 125 feet deep. Elsie Yawin acquired lot 115 in 1949, lot 116 in 1931, and lot 117 in 1949. Each of the lots when purchased had 50 feet of frontage on Marlborough Street and was approximately 110 feet deep. In 1952 a house was constructed on Lots 116 and 117. Lot 115 is a vacant lot which was merely utilized as a lawn. In 1986 Elsie Yawin conveyed the property (all three lots) to her son, Robert A. Yawin, and he in turn conveyed a life estate in the property to Elsie Yawin.
When the zoning regulations were adopted, the three lots became nonconforming for building purposes. None of them alone complies with the Regulations for an R-12 zone. The R-12 zone requires 12,000 square feet and 80 feet of frontage. Lots 116 and 117, when put together as one lot conform to the 80 foot frontage requirement, but do not comprise 12,000 square feet.
On September 20, 1989, the Town of Newington adopted an amendment to its zoning regulations, which redefined "a nonconforming lot of record." The amendment became effective on October 11, 1989. The pertinent section follows:
"5.1.1 Non-Conforming Lot of Record
 A dwelling unit or a non-residential building may be erected on a lot of less width or area or both than required provided that:
 A. The lot is clearly shown or describe as a separate and distinct building lot on a map, or in a deed or other instrument duly recorded in the Town Clerk's Office. A certified copy of such map, deed or other instrument shall be filed with the application for the building permit.
 B. No owner of such lot or lots at any time since it became non-conforming shall have owned adjacent land which may be or could have been included as a part of the lot in question. Said lot was created or established as a separate building lot prior to the CT Page 4205 adoption of Zoning in the Town of Newington, or at the time of its creation or establishment as a separate building lot, complied with all lot with and area requirements then in effect.
 C. The lot fronts on an accepted street, a proposed street in an approved subdivision for which surety has been posted in accordance with 7.3., or on a private street constructed in accordance with the minimum standards of the Town of Newington, unless specifically permitted subject to the appropriate standard as set forth in these regulations.
 D. All other requirements are met."
After the adoption of the amendment and sometime prior to January 26, 1970, the Yawins applied to the plaintiff for the permit to erect single family dwelling on Lot 115. His denial, and the Zoning Board of Appeals' reversal of said denial, is the subject of this appeal.
The plaintiff claims in this appeal that the Zoning Board of Appeals acted arbitrarily and in abuse of its discretion when it reversed his decision denying the permit. He claims that the Board incorrectly interpreted section 5.1.1 of the Zoning Regulations in reaching its decision. He points out that the Yawins own adjacent land on which they have a residence (lots 116 and 117) and that the Zoning Regulations permit the owner of a nonconforming lot to build a structure thereon only if the owner of that lot owns no adjoining land. That is an exception to the general requirement of the Zoning Regulations which requires that structures be built on lots which meet all of the minimum requirements of the Zoning Regulations. The plaintiff claims that since the Yawins own adjacent land, they are required to combine lot 115 with the adjacent land to make that lot conforming or at least less nonconforming with respect to the provisions of the Zoning Regulations.
The defendants argue that although the Yawins own lots 115, 116 and 117, there is a house on lot 117 and part of 116 and therefore they do not have land available to add to lot CT Page 4206 115 to make that conform to the present zoning requirements. If they did that, it would render the existing lot (lots 116 and 117 combined) nonconforming as far as the frontage is concerned.
At the public hearing evidence was submitted that showed:
 1. That lot 115 is a separate and distinct building lot on a deed and certified map.
 2. That no land could have been used to make this a conforming lot.
 3. That lot 115 was established as a separate building lot in 1924 and complied with all then existing zoning requirements.
4. That the lots never merged.
 5. That lot 115 fronts on an accepted street.
 6. That all other requirements have been met.
This case rests on two issues: (1) Was there a merger of the land? And, (2) Did the Yawins own land that could have or may be included as part of the lot in question? The Board decided that lot 115 is a separate lot which existed prior to present zoning; that the lot appeared on a certified subdivision map; that the applicant submitted deeds to show that there was no merger and found that the applicant could not have used any other land to make the 115 conforming.
It cannot be said that the board acted in an unreasonable, arbitrary or illegal fashion. This court should not and cannot substitute its judgment for that of the board in deciding whether a merger took place, and whether other land existed that could be used for lot 115. Schultz v. Zoning Board of Appeals of Town of Berlin, 144 Conn. 332; Molic v. Zoning Board of Appeals, 18 Conn. App. 159.
Accordingly, the appeal is dismissed.
FRANCES ALLEN SENIOR JUDGE