[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The subject property at issue in this appeal, formerly a public school building, was sold in January, 1989 by the Town of East Haven through a bidding process. Joseph M. Montesano, a defendant in this case, was the successful bidder. The East Haven Town Council enacted an ordinance approving and authorizing the sale subject to the following conditions:
 The conveyance of the property shall be subject to a deed restriction that the property remains as `taxable property' in perpetuity.
 The conveyance of the property shall be completed within forty (45) (sic) days from the effective date of this ordinance. The contract of sale shall require the buyer to apply for the approvals necessary to construct an elderly housing facility on the site, and to use his best efforts to secure such approval. Buyer shall be permitted to utilize the property for a use other than elderly housing only if he fails to secure said approvals. Said provisions shall specifically survive the transfer of title.
Upon completion of the sale and transfer of title, Defendant Montesano tried and failed to obtain ZBA approval of various plans for elderly housing development of the site and subsequently obtained a use variance to develop the site for professional offices. That ZBA decision was appealed and upheld. Defendant Montesano thereafter returned to the ZBA with an application for a use variance for elderly housing. The ZBA approval of that application is the basis of the plaintiffs' appeal.
The court, pursuant to the provisions of General Statutes, Section 8-8, finds that the plaintiffs are owners of property abutting the subject property or are within a radius of one hundred feet of some portion of said property and are therefore aggrieved by the ZBA'S decision in approving the application for a use variance. The court finds that proper publication of notice of intent to conduct a public hearing on February 5, 1991 was made, there having been filed a notarized statement of the dates of publication by The New Haven Register. This appeal was timely filed and notwithstanding plaintiffs' failure to make service of process pursuant to the provisions of Section 8-8 (f), the court is satisfied, upon reviewing the record, that all necessary CT Page 8055 parties other than the ZBA have been joined in this action by way of motion.
The subject property is located in a zone designated as "Resident R-1 District" by the Zoning Regulations of East Haven. Such a zone is "primarily residential in nature" and consists of "single family, two family and multifamily structures." Section 23.2, Zoning Regulations. That section also states that a purpose of an R-1 is to permit "conversion to and construction of dwellings containing two or more families . . . at standards consistent with preservation of the character of the district." An R-1 District is principally located "in the vicinity of East Haven Center [and constitutes] part of the urban concentration around the Center." Thus, a multifamily structure as proposed by the defendants would be a permitted use by the Regulations. Other uses in this zone are recognized as "necessary and appropriate . . . but only as special exceptions upon a finding that development will be compatible with the character of the district." Section 23.2, Zoning Regulations.
None of the parties in this action claim or suggest that the town ordinance previously cited was intended as a special exemption from density limits or a special exception use in order to construct a multi-family dwelling as affordable housing pursuant to the provisions of General Statutes, Section 8-2g. The plaintiffs' appeal from the ZBA's decision alleges that, in granting the application for a use variance, the Board acted illegally, arbitrarily and in abuse of its discretion. None of the parties has asserted that conversion of the school building to a multi-family dwelling is a permitted use in an R-1 District under the Zoning Regulations.
A review of the record and exhibits, in addition to the regulations, compels the conclusion that the Zoning Board of Appeals acted properly in granting the application for a use variance permitting conversion of the former school building to elderly housing units. The Zoning Regulations specifically permit such a conversion and the defendants are enabled to carry out the special conditions set forth in the ordinance authorizing the sale of public land to a private developer. Those conditions were in accordance with the Zoning Regulations for the district in which the property is located. The ZBA is an administrative agency which acts in a quasi judicial capacity. Nielsen v. ZBA,152 Conn. 120, 123 (1964). One of its functions is to protect the individual property owner from unnecessary hardships, owing to some condition affecting his land peculiarly, which it is not necessary for him to suffer in order to effectuate the general plan of zoning adopted for the community as a whole. Finch v. Montanari, 143 Conn. 542, 545 (1956). CT Page 8056
It is essential to the functioning of a zoning board of appeals that it be invested with liberal discretion and its judgment overturned only when it has acted in an arbitrary, unreasonable or illegal manner. Abramson v. Zoning Board of Appeals of Town of Westport, 143 Conn. 211, 214 (1956); Talmadge v. Board of Zoning Appeals of City of New Haven, 141 Conn. 639,642 (1954). The plaintiffs bear the burden of proof to show that the board acted improperly. Talmadge v. Board of Zoning Appeals of City of New Haven, supra; Horvath v. Zoning Board of Appeals,163 Conn. 609, (1972); Thorne v. Zoning Board of Appeals,156 Conn. 619, 621 (1968).
In reviewing the record upon appeal, the court must determine whether the administrative agency acted fairly or with proper motives or upon valid reasons. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980). The court cannot substitute its judgment for that of the board. Id. The board is entrusted with the function of deciding, within prescribed limits and consistent with the exercise of legal discretion, whether a particular regulation applies to a given situation as well as the manner of its application. Molic v. Zoning Board of Appeals of the Town of Redding, 18 Conn. App. 159, 165 (1989). Since the board is endowed with liberal discretion, its decisions will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Whittaker, Id.; Molic, Id.
The court must base its decision on the record presented for review. The board determined that a use variance was the proper vehicle for its consideration in deciding whether to authorize a change of use from the variance previously granted the defendants permitting a conversion of the building to professional offices (thereby violating the specific conditions subsequent set forth in the ordinance). In granting the variance, the board was required to determine that two conditions were fulfilled: the applicants had to show that the variance did not affect substantially the comprehensive zoning plan; and adherence to the strict letter of the zoning ordinance would cause an unusual hardship necessary to carrying out the general purpose of zoning. Since, by definition, a variance is granted with respect to a particular piece of property, it can be enjoyed not only by the present owner but by all subsequent owners. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239 (1972); (citing 2 Anderson, American Law of Zoning, 14.29, p. 662).
"It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or potential of financial CT Page 8057 advantage to the applicant is not the proper basis for a variance." Garibaldi, supra. In this instance, the board had previously granted a variance to the subject property. Its decision had been appealed and upheld. Whether or not, given that variance and given the Regulations governing the R-1 District, the defendants again had to apply for a change in use of the property in order to conform to the conditions set forth in the ordinance, was a determination properly for the board to decide. The record reflects that proper notice was given and a full and fair hearing was held. The conditions precedent to the granting of a variance, although repeated in the record below, had already been decided and there was no issue that a variance running with the land existed when the applicants reappeared before the board.
The record clearly shows the board's complete awareness of the status of the subject property. In voting to permit the applicants to change the use from professional offices to housing for the elderly, each board member voted approval with the special condition "THAT ANY/ALL VARIANCES FOR DIFFERENT USES ON THIS PROPERTY SHALL BECOME NULL AND VOID OR IN THE EVENT OF AN APPEAL OF THIS APPROVAL IS TAKEN, AT SUCH TIME THAT THE DECISION OF THE BOARD IS UPHELD." The second special condition, unanimously voted, was a minimum age requirement of 62 years for at least one occupant of each rental unit. The board granted permission to the Zoning Enforcement Officer to place in the record his observation that the applicant would have the right to exercise the previously granted use for professional and medical offices at any time during any appeal period.
The plaintiffs herein seek a battle on terms and conditions long lost to them. The subject property already had a variance. The change in use was in conformity with the regulations and in accord with the conditions in the ordinance. A determination that the two conditions necessary for a variance for the subject property had already been made: (1) that the variance would not affect substantially the comprehensive zoning plan; and, (2) the unusual hardship confronting the applicants, "different in kind from that generally affecting properties in the same zoning district, and (arising) out of circumstances or conditions beyond the control of the property owners . . . arose out of the unusual nature of the structure and its location in an area of permitted professional offices in the area." Martha Campbell et al. v. Town of East Haven Zoning Board of Appeals, (1990) (UNREPORTED).
The plaintiffs have failed to meet the burden of proving that the board acted unfairly, improperly, illegally and in abuse of its discretion. The record plainly shows that the board carried out its duties fully, fairly and completely, including deciding for a second time with regards to the subject property CT Page 8058 that the same conditions precedent to the granting of a variance still obtained. Accordingly, the decision of Defendant Zoning Board of Appeals is affirmed and the appeal is dismissed.
LEANDER C. GRAY, JUDGE.