[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Abington Limited Partnership (hereinafter referred to as Abington) has brought this administrative appeal from the denial by the Zoning Board of Appeals of Bloomfield (hereinafter referred to as ZBA) of Abington's appeal from the issuance by Bloomfield's CT Page 4079 Building Official of a building permit to Talcott Mountain Science Center for Student Involvement, Inc. (hereinafter referred to as TMSC). TMSC as owner of the premises for which the building permit was issued has moved for and been granted permission to intervene as a party defendant.
Abington is the owner of several tracts of land that includes all or nearly all of a way called Montevideo Road, a private road leading from Route 44 to several private residences and to property of TMSC. Abington acquired the land by two deeds dated December 22, 1987. Montevideo Road, which assumes the name of Gibraltar Lane at an undetermined point, dead-ends approximately 1.8 miles from Route 44 in the vicinity of private residences beyond the property of TMSC.
TMSC owns two pieces of real property abutting that portion of the Road known as Gibraltar Lane: the original parcel, which is not at issue in this appeal, and a piece acquired in 1979 from the State of Connecticut pursuant to a Special Act of the Connecticut Legislature ("Recent Parcel"). The parties agree that TMSC has access rights to the original parcel over the portion of the Road on the plaintiff's parcel. The parties disagree as to access rights favoring the Recent Parcel over the same portion of the Road. Abington claims that TMSC does not have access rights over approximately ninety (90) feet of the Road on property allegedly owned by the plaintiff, and TMSC claims that it does. This dispute is the subject matter of an action pending in this Court and captioned Abington Limited Partnership v. Talcott Mountain Science Center for Student Involvements, Inc., CV-89-700506.
On April 27, 1989, the Bloomfield Planning and Zoning Commission (PZC) approved TMSC's site plan (dated September 16, 1988 and revised to March 31, 1989) for its proposed new school facility consisting of three new modular buildings on the Recent Parcel. On May 3, 1989, the PZC issued a "Permit to Develop" in accordance with the approved site plan. In April, May and June 1989, the Bloomfield Fire Marshal issued successive blasting permits. On July 25, 1989, after the rock blasting was completed, TMSC applied for a building permit. On August 1, 1989, the Bloomfield Building Official, William Boyens, after reviewing the plans, noted certain items that would have to be shown before a building permit could issue.
On August 2, 1989, Michael Konover, acting as "Agent" for Abington, wrote to William Boyens challenging TMSC's "right to pass over" Abington's and to gain access to the construction site. Mr. Konover enclosed an August 1, 1989, letter from his attorney, Herbert Isaacson of Tarlow, Levy, Harding Droney, P.C., stating that an examination of title "discloses no recorded CT Page 4080 easement" (emphasis added) across Abington's property to the construction site.
On August 4, 1989, William Boyens sought "legal written advice" from Bernard Poliner, the Bloomfield Town Attorney, as to whether there was cause to deny TMSC's building permit application. On August 18, 1989, Attorney Poliner advised Mr. Boyens that he could issue the building permit as long as TMSC was in compliance with the building code. On August 29, 1989, Mr. Boyens issued a building permit for the foundation only because the entire plans were not completed. Although by September 8, 1989, Abington was aware that the foundation permit had been issued for TMSC, it took no action to appeal from its issuances. On November 3, 1989, Mr. Boyens issued a building permit for the entire structure.
On November 15, 1989, Abington appealed to the ZBA the issuance of the November 3, 1989, building permit, alleging that "the easements required for the development have not been acquired or granted prior to the start of construction." At the hearing on December 18, 1989, the ZBA denied Abington's application and voted to uphold the decision of the Building Official to issue the building permit to TMSC for the reasons that (1) the appeal was untimely and (2) the building official's decision was proper based on the information he had in his possession.
Abington has appealed the decision of the ZBA claiming that it was arbitrary, capricious, illegal and an abuse of its discretion in that (1) its appeal to the ZBA was timely, (2) that the Building Official issued the building permit in violation of the zoning Regulations and established policy of the Town of Bloomfield and (3) that the decision of the ZBA is not supported by the record.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987). Abington, based on certified copies of two warranty deeds submitted in evidence to this court at the time of hearing, is found to be the owner of property abutting premises for which the building permit in question was issued. As such abutting owner, Abington is aggrieved and entitled to bring this appeal.
Zoning boards of appeal are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application. Molic v. ZBA, 18 Conn. App. 159, 165 (1989), siting Connecticut Sand 
Stone Corp. v. ZBA, 150 Conn. 439, 442 (1963). In reviewing the board's decision, the court is limited to determining whether the board's action was unreasonable, arbitrary or illegal. Id. CT Page 4081 The court is not to substitute its judgment for that of the zoning board, and the decision of the local board will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing. Stankiewicz v. ZBA, 15 Conn. App. 729,731-37 (1988), aff'd 211 Conn. 76 (1989). The burden of proof is on the plaintiff to prove that the board acted improperly. Adolphson v. ZBA, 205 Conn. 703, 707 (1988).
From the evidence presented at the hearing of December, 15, 989, the ZBA could find that Abington was aware the TMSC was in the process of building on its Recent Parcel and using for access to it the road which Abington claims TMSC lacked legal right to use in connection with the Recent Parcel. (Exhibit E-20, Letter of William R. Boyens dated August 4, 1989). Prior to August 4, 1989, Michael Konover as agent for Abington requested that TMSC's building permit be denied for the reason that TMSC lacked legal right of access over Montevideo Road to the Recent Parcel. ZBA had evidence that Boyens sought legal advice of the Town Attorney which advice indicated that the building permit could issue provided there was compliance with the building code. (Exhibit E-21). It had evidence that the foundation permit was issued to TMSC on August 29, 1989 and ZBA was aware that no timely appeal was taken from such issuance. Aware of Abington's prior request that the permit not be issued, it was not unreasonable for ZBA to conclude that Abington must have known that the foundation permit was issued on August 29, 1989. C.G.S. 8-7 provides that in the absence of a rule of a zoning board of appeals setting the time within which to take an appeal, it shall be taken within thirty days of the date of the order, requirement or decision to be appealed. The ZBA's decision that Abington's appeal was not timely because it was not taken within thirty days of the issuance of the foundation permit on August 29, 1989, was reasonably and fairly made after a full hearing and is based on substantial evidence produced at that hearing.
The ZBA's denial of Abington's appeal for its second reason, that the building officials decision was proper based on the information in his possession, is also reasonable and supported by the evidence. Abington presented to the building inspector prior to his issuance of the August 29, 1989 permit no more than its bald claim that there was no easement to the premises in question. The building inspector sought a legal opinion and properly relied on the opinion that he received. The building inspector in addition to the town counsel's opinion, could certainly utilize his visual observation that there was an access road to the site which was being utilized by TMSC. At no time did Abington offer any court order which prohibited such access by TMSC. At the November hearing before the ZBA, although by this time Abington had commenced a court action, it offered no more evidence to substantiate its claim of no easement by TMSC than had CT Page 4082 been previously submitted to the building inspector. Considering the evidence before it, including the lack of evidence by Abington to support its claim, the ZBA decision that the building inspector acted properly was reasonably and fairly entered after a full hearing. Accordingly, the appeal to this court is dismissed.
TAMBORRA, J.