[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Steve Paletsky and Gary Swingle have appealed the decision of the defendant, Harwinton Zoning Board of Appeals denying their application for a building permit on lots 8 and 9 Section B Lake Harwinton on Catlin Road in Harwinton. The reasoning given by the Board was that lots 8 and 9 were not under common ownership when zoning was adopted in 1955.
The plaintiffs have an option to purchase the property and CT Page 4201 plan to merge lots 8 and 9 into one lot at the time of purchase if the application is granted. In view of the option, it has been stipulated that the plaintiffs are aggrieved. Goldfeld v. Planning Zoning Commission, 3 Conn. App. 172, 176.
The property has received approval by the Torrington Area Health District for sewage disposal. (Record B, C and E-9). The sole issue for the denial was set forth in the minutes of July 6, 1994 (Record O) as follows:
 It was unanimously voted to uphold the Zoning Board's decision of denial based on two (2) separate lots. The reason being that the lots were not under common ownership in 1955, when Zoning was adopted in Harwinton. Cite 12.2.1 of the Harwinton Zoning Regulations.
The Harwinton Zoning Regulations define the term "Lot" as follows:
 Lot — A parcel of land occupied or approved to be occupied by a building(s) or structure(s) which meets the minimum requirements of these Regulations for lot width, lot area, and other dimensional requirements of the zone in which it is located. (See also Section 5 — Lot of Record and Section 12 — Non Conforming Lot).
 Section 5 does not make any explicit reference to the term "Lot of Record", but that term is used in Section 6.3.1. Section 12.2.1 of the Zoning Regulations defines a "Non-Conforming Lot" as follows:
12.2.1 Nonconforming Lot: A parcel of land which does not conform to the area and/or dimensional requirements of these Regulations, and which was legally in existence on the effective date of these Regulations or any pertinent amendment thereto. (Emphasis added)
Section 12.3.1 of the Zoning Regulations provides as follows:
12.3. Restrictions on Non-Conforming Lots
12.3.1 A nonconforming lot may be used, and a structure, thereon may be constructed, reconstructed, enlarged, extended, moved or altered, provided that the use and CT Page 4202 structure shall conform to all other requirements of these Regulations.
Sections 6.3 — 6.3.2 of the Zoning Regulations recite the following restrictions governing "Existing Lots":
6.3 EXISTING LOTS. Nothing in these Regulations shall prevent the construction of a permitted building or the establishment of a permitted use on a lot
containing less than the required lot area or width as set forth in these Regulations on the original effective date (April 28, 1955) or on the effective date of any pertinent amendment thereto if:
 6.3.1 Lot of Record. The lot was recorded in the land records of the Town of Harwinton prior to the adoption of these Regulations, April 28, 1955, or any pertinent amendment thereto.
 6.3.2 Water and Sewers. Safe and adequate disposal of sewage and a safe water supply can be provided without endangering the health and safety of adjoining residents. (Emphasis added)
"Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision." (citation omitted.) Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 50, 484 A.2d 483 (1984). "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted; citation omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). The court's review of the board's decision is limited to determining whether it was unreasonable, arbitrary, or illegal. Id. The burden of proof is on the plaintiff to show that the board acted improperly. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991).
The Harwinton Zoning Regulations do not address the situation presently before the Court where additional property is acquired so as to reduce or eliminate a non-conformity. The plaintiffs desire CT Page 4203 to merge two non-conforming lots, existing at the time zoning was adopted in 1955 (Record E-5), but have been denied building permits for the lots they intend to merge. (Record O). To so hold would result in depriving an owner of the use of his property without due process of law. Lee v. Board of Education, 181 Conn. 69, 72.
"An owner of contiguous parcels of land may merge those parcels to form one tract if he desires to do so." Molic v. ZoningBoard of Appeals, 18 Conn. App. 159, 164-65 (1989). "An intent on the part of the owner to do so may be inferred from his conduct with respect to the land and the use which he makes of it." Id. "Intent is a question of fact." Id.
In Newmann v. Zoning Board of Appeals, 14 Conn. App. 55,539 A.2d 614 (1988), the plaintiffs appealed the denial of a permit to construct a dwelling on the "lot" adjoining his residence. The permit was denied because the lots were consolidated. They had been separately described in deeds and taxed separately. Evidence was presented, however, that the prior owner had in fact used the parcels as one unit.
The court went on to discuss the doctrine of merger and its application to the facts presented, concluding that:
 The common exception of lots which were recorded prior to the effective date of a restrictive ordinance is limited to lots which were in single and separate ownership on that date. Under such a provisions, an owner is entitled to an exception only if his lot is isolated. If the owner of such a lot owns another lot adjacent to it, he is not entitled to an exception. Rather, he must combine the two lots to form one which will meet, or more closely approximate, the frontage and area requirements of the ordinance." (footnote omitted)
2 Anderson, American Law of Zoning (3d Ed.) 9.67. Newmann,14 Conn. App. 55. 60.
In effect, the defendant, however, has ruled that the lots cannot be merged to make a less non-conforming lot. This determination cannot be reconciled with the acknowledged zoning purpose of reducing nonconformities. Molic v. Zoning Board ofAppeals, 18 Conn. App. 159, 164 (1989). There is no question that lots 8 and 9 existed as separate lots in 1955 when zoning was adopted in Harwinton. (Record E-5) They are both legal non-conforming CT Page 4204 lots, entitled to the exception discussed in Newmann.
A merger can occur if the owner of contiguous parcels of land intends to form one tract. Iannucci v. Zoning Board of Appeals,25 Conn. App. 85, 89, 592 A.2d 970 (1991). That is what the plaintiffs intend to do and is what they stated at the hearing. Also the survey map (Record E-13) shows the merged lots with a total acreage of 0.47 acres more or less. The plaintiffs' application required no variances and was approved by the Lake Harwinton Association, the Torrington Area Health District and the Wetlands Commission. (Record E-6, B and E-2)
In the more recent case of Johnson v. Zoning Board of Appeals,35 Conn. App. 820 (1994), the appellate court reiterated its position that:
 Contiguous land owned by the same person can merge into one lot if the owner so intends or the relevant zoning regulations so require. . . . Once merged, the lots form one lot that meets or more closely approximates the zoning requirements and the separate lots lose their exception for nonconformance.
Id., 35 Conn. App. 820, 826.
While the Court found in Johnson that merger did not apply, the rule is clear. Merger limits the rights of the landowner to use his property by denying him an exception for each of the lots so merged. It does not deny him the use of his property. The plaintiffs could have applied for permits to construct two homes on lots 8 and 9 which pre-existed the adoption of zoning, but chose instead to merge them, thereby increasing the size of the non-conforming lots in an attempt to make them more conforming.
The reason given by the defendant Zoning Board of Appeals is unreasonable and legally unfounded and therefore for the reasons stated, the appeal is sustained.
PICKETT, J.