[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant commission approving the application of defendant Rye Street Business Park LLC (hereinafter "Rye Street") for modification of its site plan for property owned or controlled by the defendant in the Broad Brook section of East Windsor. The commission acted pursuant to General Statutes § 8-3 and its regulations. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the defendants.
The plaintiffs property abuts the property which is the subject of the commission's decision, and she is, therefore, statutorily aggrieved. Conn. Gen. Stats. sec. 8-8.
Most of the facts essential to the court's decision are not in dispute and are fully reflected in the record. Defendant Rye Street owns or controls two contiguous lots in an area zoned M-1 for industrial use. It has operated an industrial business on one of those lots for many years. In October 2000, Rye Street applied to the defendant commission for approval of a site plan modification which included an addition to the building and, in order to satisfy space regulations, the merger of the two industrial zoned lots.
Rye Street's lots are rear lots, having no public road frontage, and the only access to them is via a right of way over a 50' strip of land owned by a third party not involved in this appeal. This access strip of land runs through a residential zone which is adjacent to Rye Street's lots. The plaintiffs property is located in this residential zone and is adjacent to the access strip as well as abutting Rye Street's industrial lots.
Sections 4.1.33 and 18 of the East Windsor zoning regulations require an industrial lot to have public road frontage. The use of Rye Street's lots for industrial purposes, however, pre-existed the adoption of the regulations and is, therefore, a valid nonconforming use. CT Page 11141
After a public hearing, the defendant commission approved Rye Street's application for modification of its site plan, including the merger of the two lots and enlargement of the building. It is this decision which is the subject of this appeal.
In support of her appeal, the plaintiff advances three arguments: 1) that the merger of the two industrial lots would illegally expand the nonconforming use because it would create a larger lot without the required road frontage; 2) that the use of the right of way to the industrial lots is a nonconforming use which would be illegally expanded by the creation of a larger industrial business on the area which the right of way services; and 3) that the new site plan allows an illegal encroachment of the buffer area which the regulations require to be maintained between adjacent properties zoned residential and industrial.
The permissible scope of the court's review of decisions of local land use commissions and boards is limited. "General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiffs appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised." (Citations omitted.) Baron v.Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990). Zoning commissions are granted liberal discretion in determining whether a regulation applies in a given situation, and the commission's interpretation is binding so long as the commission exercises honest judgment and the decision is reasonable. Molic v. ZBA, 18 Conn. App. 159
(1989); Adolphson v. ZBA, 205 Conn. 703 (1988).
 Merger of Rye Street's Lots
It is undisputed that Rye Street's two lots and their use for industrial purposes conform in every respect to the zoning regulations except only the regulation requiring public road frontage. Neither has such frontage nor would the proposed merged lot. Nevertheless, the plaintiff argues that the merger and the construction of the addition to the building would result in a "larger nonconforming lot and (would) increase the nonconformity by constructing the addition." The court disagrees. CT Page 11142
Section 2.2 of the regulations provides, in part, "[a]ny use of buildings or land which are nonconforming . . . are not affected by these Regulations providing said structures and buildings are not altered or enlarged, and the non-conforming use of such structures, building and land is not increased. No nonconforming building or structure may be expanded . . . if such expansion . . . increases the degree to which the building or structure does not conform to any particular requirement of the zoning regulations." The defendant commission is correct in pointing out that the merger of the lots and the construction of the building addition would not increase the particular nonconformity of either lot — that is, the changes would "not "increase the degree to which' the property lacks frontage on a town road." And the plaintiff concedes that the likely increase of industrial activity on the combined lot would not itself be a forbidden expansion of a nonconforming use in the M-1 industrial zone.
Both parties cite Fuller, Land Use Law and Practice, sec. 52.1, stating "The prohibition of expansion of non-conforming uses applies only to the aspect of the use or structure which is non-conforming." (Emphasis added.) In the context of this case, where the only aspect of the use which is non-conforming is the lack of road frontage, the proposed modifications of the site plan would have no effect on the particular nonconformity. That is, neither of Rye Street's lots would have more or less road frontage than they do now. And, as noted, the proposed industrial use would continue to conform to the zoning regulations.
The court concludes that the commission's interpretation of the regulations, as applied to the particular circumstances of this case is not unreasonable. The plaintiff's contentions to the contrary may not be sustained.
 Use of Right of Way
The plaintiff contends that the use of the driveway in the residential property as a right of way to Rye Street's industrial property would be an expansion of a nonconforming use if the defendants were permitted to expand the industrial use of the Rye Street property. This theory is based on two assumptions. First, the plaintiff assumes that the use of the driveway would increase as a result of the expansion of Rye Street's business. Second, the plaintiff assumes that the use of the driveway as a right of way to the industrial site is a non-nonconforming use because of the driveway's location in a residential zone.
The assumption that the use of the driveway would increase is not in CT Page 11143 serious dispute. The defendant's contend, however, that the plaintiffs assumption that the present use of the driveway is non-conforming is not sustainable. The court agrees.
In her brief to the court and at oral argument, the plaintiff advances the argument that the use of a driveway in a residential zone may not be used to furnish access to a rear lot which is located in an industrial zone. The plaintiff cites no authority in support of this argument, however, either in the common law or, more significantly, in the East Windsor regulations. The defendant commission interprets the absence of any prohibition against such use as permissive. Counsel for the town unanimously concluded that such use is not a non-conforming use simply because it is not illegal under the regulations.
The plaintiff has the burden, of course, of showing that the commission acted improperly. In this case, the plaintiff has not shown that the present regulations make the use of the driveway illegal. This shortcoming is particularly significant in view of the commission's conclusion to the contrary. As noted, the commission is entitled to considerable discretion and latitude in interpreting and applying its own regulations. Molic v.ZBA, supra, 18 Conn. App. 159 (1989); Adolphson v. ZBA, supra,205 Conn. 703 (1988). Under the circumstances of this case, the court cannot say that the commission's conclusion regarding the use of the driveway is unreasonable.
 Buffer Areas
The plaintiff contends that the proposed site plan would permit encroachment on the required buffer area. Section 4.1.7 of the regulations prohibits "buildings, structures, (and) pavements" in the buffer area. The record indicates that the site plan calls for a gravel driveway and parking area in the buffer area in order to service the underground septic system. The record also indicates that the defendant Rye Street plans to plant an additional fifty trees to improve the area. There is no evidence that the buffer would contain any prohibited structure. The commission determined that the gravel area would not violate the requirement of a buffer area.
On the basis of the foregoing facts as set forth in the record, the court finds that the plaintiff has not sustained her burden of showing that the commission acted unreasonably in approving the site plan and, in particular, approving the buffer area as set forth in the plan.
For all of the foregoing reasons, the decision of the commission is affirmed and the plaintiff's appeal is dismissed. CT Page 11144
Maloney. J. CT Page 11145