## LOUISE F. VAN DE MARK

vs.

## BOARD OF ZONING APPEALS
## OF THE TOWN OF WEST HAVEN

Superior Court      New Haven County      File #46632

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Campner, Pouzzner & Hadden, Attorneys for the Plaintiff.

Curtis K. Thompson,            Attorney for the Defendant.

William T. Holleron,    Attorney for Metal Products Corp.

**MEMORANDUM FILED MARCH 18, 1935.**

BOOTH (JOHN RUFUS),J.   The action is an appeal based upon **Section 429 of the General Statutes, Revision of 1930,** from the action on January 29th, 1935 of the Board of Zoning Appeals of the Town of West Haven granting to the Metal Products Corporation of West Haven the right to erect on property adjacent to that of the plaintiff a building to be used for storing and shipping goods in connection with a manufacturing plant.

The ground of appeal as alleged therein is that in so acting said Board acted arbitrarily, illegally and in an abuse of the discretion reposed in it.   At the trial, however, it was conceded that the Board acted in good faith and without malice, and the issue is whether the facts proven before it afforded reasonable grounds within the limits of its power for the action taken.

According to the evidence it appeared that the Board of Zoning Appeals had before it and considered in arriving at its conclusion the necessity under which the applicant labored for additional storage space in order to continue the business conducted for many years on the lot occupied by its other buildings, all of which constitute non-conforming uses as the locality is now zoned.   Important considerations in this re-

gard were the character of the industry, its growth and reasonable prospects as disclosed by orders and other assurance of future business. It was conceded at the trial that these and other pertinent considerations were brought to the attention of the Board. It also appears from the evidence that a commendable caution was exercised by the Board in insisting that the proposed extension be located in such a way that only about half thereof extended into Zone A instead of as originally planned according to Defendant's Exhibit 1.

The appellant contends that although this need for added storage space may in fact exist, the applicant could provide itself therewith by additions to the height of other buildings now upon the premises. This would likewise require action by the Board of Zoning Appeals as this extension would require their permission under the zoning ordinance. In a certain sense, therefore, the essential grievance of the appellant is not that the Board of Zoning Appeals permitted the extension of a non-conforming use, but that it permitted it in a way other than that approved of and suggested by the appellant.

A wide discretion is invested in a body such as a board of zoning appeals which is only to be overruled when it is made to appear that improper motives or lack of sufficient reason for its action exists. (Black vs. Board of Appeals, 117 Conn. 527 at 533; St. Patrick's Church Corp. vs. Daniels, 113 Conn. 132 at 139.)

Whereas the finding of the Board does not set forth the reasons for its action, the evidence produced upon the trial renders apparent that it had an adequate basis therefor. This being so, the conclusion must be drawn that the action of the Board in granting the permit was within its powers and should be sustained.

In view of the foregoing, the decision of the Board appealed from is hereby approved and the appeal dismissed.