PORTER HOAGLAND, JR. *v.* ZONING BOARD OF APPEALS OF THE NOANK FIRE DISTRICT
(2069)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued November 3, 1983—decision released February 21, 1984

*Frank N. Eppinger,* for the appellant (plaintiff).

*Robert C. Leuba,* for the appellee (defendant).

BORDEN, J. This is an appeal[1] from a judgment of the trial court dismissing the plaintiff's appeal from an action of the defendant, the zoning board of appeals of the Noank fire district (board). We find no error.

The plaintiff's property, on which he operates a boat storage business, is located in a village residential district as defined in the fire district zoning ordinance. Boat storage is not a permitted use in that district. On April 22, 1981, the zoning enforcement officer of the board issued, pursuant to General Statutes § 8-12, a violation notice to the plaintiff on the ground that his boat storage business was not a documented nonconforming use under § 13 of the district zoning ordinance. The plaintiff appealed the violation notice to the board, claiming that his boat storage business was a valid nonconforming use. On August 19, 1981, the board held a hearing on the plaintiff's appeal which the board

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c). At the time this appeal was taken litigants in zoning cases had an unfettered right to appeal to that court. Public Acts 1981, No. 81-416, § 3. Such appeals are now subject to a grant of certification by this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 13.

denied on September 16, 1981. The plaintiff appealed that action to the trial court, claiming that he had a valid nonconforming use for *outside* boat storage. The plaintiff does not claim a nonconforming use for boat storage inside a building. The trial court dismissed the appeal.

On June 22, 1974, the zoning ordinance was amended to rezone the area in which the plaintiff's property is located from industrial to village residential. On September 9, 1974, the plaintiff's predecessor in title, William Leary, received from the board a certificate of nonconformance permitting the continuance of his use of the property in relation to a building to be constructed and designated as a service and storage building for a boat rental business. That certificate referred to a site plan filed by Leary showing the building together with lined spaces on the ground carrying no designation as to their intended use. Under the zoning ordinance the building was required to be constructed within two years of the certificate. That time limitation passed and, in a predecessor case involving Leary and this very property, the Supreme Court held that the board was without power to grant Leary an extension of time. See *Farrington* v. *Zoning Board of Appeals,* 177 Conn. 186, 191, 413 A.2d 817 (1979). The plaintiff bought the property from Leary on January 15, 1979. On October 2, 1980, the board granted the plaintiff a special permit to alter a nonconforming use by moving a building on the property which was being used for offices and engineering research and development. Neither the plaintiff's application, the defendant's certificate nor the testimony at the hearing mentioned boat storage.

The trial court concluded that the record supported the board's action. Specifically, the court concluded that the record supported a finding by the board that the property had not been used for outside boat storage

when the zoning ordinance was amended, and that the record supported a finding by the board that if there had been such use it had been abandoned. The court also concluded that *Helbig* v. *Zoning Commission,* 185 Conn. 294, 440 A.2d 940 (1981), in which § 13.7 of the Noank zoning ordinance was declared unconstitutional, did not control this case. The plaintiff appeals, claiming that *Helbig* v. *Zoning Commission,* supra, does control, and that the court erred by concluding that there was sufficient evidence to support the board's decision. In our view the trial court's determination on the issue of abandonment is dispositive of this appeal.

In *Helbig* v. *Zoning Commission,* supra, the Supreme Court held § 13.7 of the Noank fire district zoning ordinance unconstitutional because it failed to satisfy the constitutional requirement of ascertainable standards. Id., 315. That section provided the only mechanism in the ordinance for the determination of whether a particular use of property was a valid nonconforming use. It required owners of nonconforming uses existing as of the date of the enactment of the zoning ordinance to submit to the zoning commission a plan of their property, and it authorizes the commission to determine, on the basis of that plan "along with sufficient proof as the Zoning Commission may require to prove the existence of a nonconforming use . . . " whether a valid nonconforming use existed. The Supreme Court held that the quoted language was constitutionally imprecise and, thus, the court "remove[d] from the Noank fire district zoning regulations the only procedure under those regulations for 'determining' what constituted a valid nonconforming use." Id., 319. *Helbig* was decided on August 18, 1981, the day before the hearing in this case on the plaintiff's appeal to the board, and less than thirty days before the board's decision denying the plaintiff's appeal.

We agree with the plaintiff that, if the record demonstrated that the board acted here solely on the basis of the unconstitutional procedure under § 13.7 of the zoning ordinance, *Helbig* would require that the action of the board be reversed. Here, however, the trial court concluded from the record before it that the board, in addition to finding that the plaintiff's business was not a valid nonconforming use, found that the plaintiff had abandoned any such nonconforming use.[2] *Helbig* did not involve the issue of abandonment. Id., 311 n.19. Moreover, our examination of the zoning ordinance indicates that the constitutionally defective procedure of § 13.7 does not, and did not in this case, come into play in the board's determination of whether a nonconforming use has been abandoned.

Section 13.6.1 of the ordinance provides that any nonconforming use which has been abandoned shall not be reestablished. Section 13.6.2 defines abandonment as "the voluntary discontinuance of a use, when accompanied by an intent not to re-establish such use." This definition is consistent with the definition of abandonment by the Supreme Court requiring "an intention on the part of the owner to relinquish permanently the nonconforming use." *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 181–82, 377 A.2d 280 (1977); see also *Magnani* v. *Zoning Board of Appeals,* 188 Conn. 225, 228, 449 A.2d 148 (1983). Neither § 13.6.1 nor § 13.6.2 refers, however, to § 13.7. Thus, the determination of abandonment by the board was not "a § 13.7 determination"; *Helbig* v. *Zoning Commission,* supra; but was an independent determination untainted by the unconstitutionality of § 13.7.

---

[2] Although the plaintiff claims that the record does not support a finding of abandonment, he does not question the trial court's determination from the record that this was an additional ground relied on by the board for its action.

Where it appears from the record that the action of a zoning authority rested on more than one ground, the authority's action must be sustained so long as the record supports at least one of the grounds. See *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 265, 455 A.2d 339 (1983); *Parks* v. *Planning & Zoning Commission,* 178 Conn. 657, 662–63, 425 A.2d 100 (1979); *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758 (1963). The trial court determined that the board "had sufficient evidence to conclude that if any use of the premises for outside boat storage was demonstrated in the past it had been" abandoned within the meaning assigned to that term in zoning parlance. Whether there was an intention permanently to relinquish a nonconforming use is a factual inference arising from all the circumstances and is not reviewable unless it could not reasonably have been drawn. *Blum* v. *Lisbon Leasing Corporation,* supra. It is not necessary to detail the evidence before the board supporting that inference. Suffice it to say that, having examined the record, we agree with the trial court that the record amply supports the board's finding of abandonment of any claimed nonconforming use. This conclusion is sufficient to support the action of the board. *Burnham* v. *Planning & Zoning Commission,* supra.

This conclusion also renders it unnecessary for us to address the plaintiff's remaining ground of appeal, namely, that the record required the board to find a valid nonconforming use.

There is no error.

In this opinion the other judges concurred.