[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of the East Hampton Planning Zoning Commission of a request for special permit and site plan for 160 unit residential condominium project to be known as Laurel Grove. The property in question consists of approximately 53 acres and is located on the easterly side of Route 66. The property is characterized by a gradual to steep incline and the proposal for the condominium project calls for most of the construction to occur at the highest point on the land which will enable it to overlook Lake Pocotopaug which is the primary scenic and recreational asset of this town. Most of the property lies in the planned apartment zone except for an approximately 500 foot parcel of land bordering Route 66 and that portion is in the CX Zone. The planned apartment zone allows a density of 10 units per acre. Consequently since the land was zoned planned apartment there have been a number of proposals with regard to this particular property running from 285 in early 1987 to 242 units in late 1987 to the present plan of 160 units which was adopted in late 1988.
The parties submitted a stipulation of facts dated November 15, 1990 at a hearing held (by this court) on November 16, 1990 identified as plaintiffs Exhibit 1. As a result of the stipulation of facts the court finds that the appliances in this appeal have a vested interest in the property in question and are aggrieved by the action of the East Hampton Planning Zoning Commission.
The East Hampton Planning Zoning Commission CT Page 2226 held what this court deems to be a very long and protracted hearing in connection with this application. Hearings were held on June 18, 1989, July 12, 1989, August 16, 1989 and October 11, 1989. There were 162 pages of transcript as a result of those hearings and 77 exhibits were introduced in connection with this appeal. To say that the record is voluminous, exacting and detailed would indeed be an under statement.
This court however has taken the considerable time necessary to review the entire transcript, all of the exhibits and the entire record involved in this matter. In addition, at the request of the parties this court visited the site and property in question and made an inspection in the presence of both parties.
The East Hampton Planning Zoning Commission denied the application of the appellants by unanimous vote and set forth the following reasons for their denial:
 1) The size and scope of the project represents an undue intensity of the land use on this particular site and is inconsistent with the purposes of Section 24 of the Zoning Regulations.
 2) The requirements of Section 25.3 of the Zoning Regulations relative to soil erosion and sedimentation controls have not been satisfied, therefore potentially compromising the health, safety and welfare of the community per Section 24 of the Zoning Regulations.
 3) The "proposed plan" in the CX zone inconsistent with 5.4 of the Zoning Regulations and eliminates the possibility of a meaningful commercial development of CX Zone.
 4) Proposed traffic impact would be potentially detrimental to full development of parcel in DD Zone to the east of the project and is therefore inconsistent with the intent of Section 24.2 of the Zoning Regulations.
 5) The proposed plan does not comply with Section 25.2.4 of Zoning Regulations due to a lack of detail regarding specific operational and maintenance provisions of the project.
This court will review and comment on each of the reasons set forth by the East Hampton Planning and Zoning Commission. CT Page 2227
Reason No. 1 "The size and scope of the project represents an undue intensity of land use on the particular site and is inconsistent with the purposes of Section 24 of the Zoning Regulations. This court found no evidence in its search of the record to substantiate this reason set forth by the Commission. The intensity of this particular project is well below that which is allowed by the Zoning Regulations of the Town of East Hampton and in adopting an allowable figure of 10 units per acre this court must presume that the Commission gave consideration as recently as 1984 to what would be an appropriate density. Moreover, the real problem and issues that lie with this particular application do not concern the number of units (160) but rather the location of the units on the highest portion of the land so as to obtain a scenic view of Lake Pocotopaug and the soil erosion and sedimentation controls required by this particular design and use of the highest portion of the land. This court finds there is no merit to reason No. 1 of the East Hampton Planning Zoning Commission decision.
Reason No. 2. The requirements of Section 25.3 of the Zoning Regulations relative to soil erosion and sedimentation controls have not been satisfied, therefore, potentially compromising the health, safety and welfare of the community per Section 24 of the Zoning Regulations. A review of the record indicates that there is more than sufficient evidence for the Commission to reach this conclusion. The applicants itself admitted on numerous occasions that this was a difficult and unusual soil erosion and sedimentation control proposal. The applicant in exhibit 50 on page 3, while discussing other comments and questions says the following: "1) Can the development provide a 100% guarantee that there will be no soil erosion problems, No." Further reference to Exhibit 60, the report of the Department of Environmental Protection, Exhibit 61 the Administrator of the Planning Zoning Building comment, Exhibit 57 on page 2 the comments of Thomas F. Ladney, Soil Conservationist, indicating his opinion. Exhibit 4, page 4 earlier comments of Administrator Carey regarding this problem. Exhibit 27 memo dated July 27, 1989 from James P. Carey, Administrator of Planning. Exhibit 5, DEP letter dated June 2, 1989. Exhibit 7, dated June 28, 1989 from United States Department of Agriculture Soil Conservation Service.
The Commissions' concern about the soil erosion and sedimentation controls were a primary factor to be considered since this same commission had several years earlier approved a development on similar land immediately adjacent to the property in question in this appeal and in CT Page 2228 the course of the construction of that condominium project there was considerable erosion and sedimentation problems resulting in pollution to Lake Pocotopaug and ultimately an enforcement action by the Department of Environmental Protection, resulting in an abatement order. It was only natural that this commission would be extremely sensitive with regard to this particular issue. It should be noted that this applicant made a heroic effort to overcome the Commission's extreme concern about soil erosion and sedimentation control problems but this courts review of the entire record finds that these efforts still fell somewhat short and it was within the discretion of East Hampton Planning 
Zoning Commission to deny the application on the basis that the appellants had failed to fully satisfy them that the proposed soil erosion and sedimentation control programs would in fact work and that it would protect the citizens of East Hampton and the State of Connecticut from further pollution of Lake Pocotopaug. Since, our law provides "if it appears from the record that the action of the Zoning Authority rested on more than one ground, the authorities' action must be sustained so long as the record supports at least one of the grounds" Hoagland v. Zoning Board of Appeals, 1 Conn. App. 285 (290); it is not necessary for this court to go into detail with regard to the other reasons.
However, this court does not find any merit to the East Hampton Planning Zoning Commission's reason No. 3 or reason No. 4.
With regard to reason No. 5 "The proposed plan does not comply with Section 25.2.4 of the Zoning Regulations due to a lack of detail regarding specific operational and maintenance provisions of the project", this court finds there is adequate evidence in the record to sustain the Commission's ruling with regard to this reason No. 5. The applicants and all of the parties involved knew that the critical issue in connection with this entire project was going to be the soil erosion and sedimentation control programs and systems and a review of the record indicates the highly technical soil erosion and sedimentation control systems proposed by the appellants were not passive type systems but in fact would require continual monitoring and would require active participation by the condominium association or someone designated by that association. It is not answer enough by the appellant that they are posting a substantial bond and that the town of East Hampton can hire someone to monitor the very technical soil erosion and sedimentation control system. In this court's opinion it was not reasonable for the commission to expect in these CT Page 2229 particular circumstances a detailed description of who and how this monitoring was going to be carried out since it was so critical and necessary to avoid pollution of Lake Pocotopaug.
For all of the reasons hereinabove set forth the appeal is dismissed. CT Page 2230
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2231
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2232