[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are owners of the real property located at 80 Bayberry Lane, Westport, Connecticut.
The defendant, Zoning Board of appeals of the Town of Westport, by authority of the Connecticut General Statutes, and pursuant to the Zoning Regulations of the Town of Westport, is authorized to grant variances of the zoning laws upon the showing of exceptional difficulty or unusual hardship.
On or about July 3, 1991, the plaintiffs filed with the defendant, Zoning Board of Appeals of the Town of Westport, Application No. 4490, which requested a variance of the Zoning Regulations with regard to the above property. Specifically, plaintiffs requested variances of Section 11-3 (Lot Shape), and Section 11-4 (Side Yard Setback).
The subject property is a 6.346 acre parcel which is long and narrow. The property contains sufficient acreage for two, 2-acre lots, but is too narrow to accommodate the required 200' x 200' squares on each lot.
The public hearing before the defendant Zoning Board of Appeals was held on August 13, 1991, continued to September 24, 1991. Evidence of the unique character of the lot, other identical CT Page 5298 variances in the area, and a history of the upgrading of the zoning was presented, along with favorable reports regarding septic and wetlands.
At a work session on October 1, 1991, the defendant Zoning Board of Appeals voted 5-0 to deny the requested variance. The variance was denied in part "because the Applicant purchased the property recently knowing full well the zoning limitations."
Publication of the decision of the defendant Zoning Board of Appeals was in the Westport News on October 9, 1991.
A zoning board of appeals is a creature of statute, Zelvin v. Zoning Board of Appeals, 30 Conn. Sup. 157, 163 (1973), and as such has only the power granted to it by the General Assembly. Under Section 8-6 of the Connecticut General Statutes a zoning board of appeals has the authority to grant variances when a literal enforcement of the zoning regulations would result in either exceptional difficulty or unusual hardship. Connecticut General Statutes 8-6(3); Whittaker v. Zoning Board of Appeals, 179 Conn. 650,655 (1980); Tondro, Connecticut Land Use Regulation, p. 47 (1979).
The role of the ZBA in this matter was to review the application presented by the Moyers and to determine, in an exercise of its discretion, whether to grant the variances requested.
A variance authorizes a land owner to use his property in a manner prohibited by the zoning regulations. Talarico v. Conkling,168 Conn. 194, 198 (1975). The ZBA is authorized to grant variances when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) there must be a showing that strict adherence to the letter of the regulations causes unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326 (1978).
The power of the zoning board of appeals to grant variances must be used sparingly and only to avoid unnecessary hardship. Baccante v. Zoning Board of Appeals, 153 Conn. 44, 47, (1965). In denying variances the zoning board of appeals is vested with a wide discretion which will be interfered with only when it is abused. Rommell v. Walsh, 127 Conn. 272, 278-79, (1940).
On appeal from a zoning authority's action, the plaintiff has the burden of proof to show that the authority acted improperly. Bora v. Zoning Board of Appeals, 161 Conn. 297, 300 (1971); Chouinard v. Zoning Commission, 139 Conn. 728, 731 (1953). When the evidence provided shows the zoning board had an adequate basis CT Page 5299 for its action the conclusion must be drawn that its action was within its powers and should be sustained. Wan De Mark v. Board of Zoning Appeals, 1 Conn. Sup. 89, 90 (1935).
The applicant for a variance also has the burden of proving a legally cognizable hardship. Kelly v. Zoning Board of Appeals,21 Conn. App. 594, 599 (1990); Tondro, Connecticut Land use Regulation, p. 52 (1979). If the plaintiffs fail to satisfy that burden, the ZBA is incapable of granting the requested variances. Finch v. Montanari, 143 Conn. 542, 544-45 (1956).
It is the role of the Superior Court, when an appeal is taken, to review the record to determine whether the zoning board of appeals acted properly in the exercise of its functions and not to substitute its judgment for the judgment of the zoning authority. Zelvin, supra, at 167-68. In their brief, plaintiffs concede that the record governs the appeal. Plaintiffs' Brief, at 6. A court's review of a zoning decision is based on the record, which properly includes knowledge which zoning board members gain through personal observation of the site or personal knowledge of the area involved. Oakwood Development Corp. v. Zoning Board of Appeals, 20 Conn. App. 458,460, cert. denied, 215 Conn. 808 (1990).
Courts are not to disturb the decisions of the local zoning authority so long as honest judgment has been exercised after a full hearing. Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980); McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251,256 (1965). Courts, in passing on the validity of acts of municipal zoning authorities, allow zoning authorities wide and liberal discretion in determining what the public need is and how it can be met. Wade, supra, 594.
An administrative appeal to the court does not require or permit the court to review evidence de novo or to substitute its findings and conclusions for the decision of the board, Verney v. Planning Zoning Board of Appeals, 151 Conn. 578, 580 (1964), the sole question is whether the authority acted legally and within its discretion. Lindy's Restaurants Inc. v. Zoning Board of Appeals,143 Conn. 620, 622 (1956). If the zoning authority's decision is reasonably supported by the evidence in the record the reviewing court is not able to disturb that decision on appeal. Bora, supra, at 299-300.
The action of an administrative board should be sustained if even one of the stated reasons is sufficient to support it. Primerica v. Planning Zoning Commission, 211 Conn. 85, 97 (1989). When it appears from the record that the action of the zoning authority rested on more than one ground the authority's action must be sustained as long as the record supports at least one of those grounds. Hoagland v. Zoning Board of Appeals, 1 Conn. App. 285, CT Page 5300 290 (1984); Burnham v. Planning Zoning Commission, 189 Conn. 261,265 (1983). In this matter the ZBA articulated two reasons for denying plaintiffs' requests.
On the lack of hardship ground alone, the defendant ZBA must prevail in this action. It is of no consequence that the Board articulated another reason, and plaintiffs cannot rely on the argument that such other reason is not legally cognizable. See, Primerica, supra, at 97; Hoagland, supra, at 290. The lack of hardship in this case is a fatal blow to the plaintiffs' appeal. As plaintiffs admit in their brief, it is a fundamental principle of zoning variance law that the plaintiff must prove hardship in order to prevail. Plaintiffs' Brief, at 7; Kelly, supra, at 599. Plaintiffs represent that maintaining the 80 Bayberry Lane lot in its current dimensions is inconsistent with the comprehensive plan of Westport and inconsistent with the current zoning regulations. Plaintiffs' Brief at 2. Plaintiffs present no facts to support those allegations.
Plaintiffs' position is factually and legally untenable in that the 80 Bayberry Lane property is currently in compliance with the zoning regulations of the Town of Westport and the granting of the variances would make both lots that emerged from a division of the property non-conforming in derogation of any comprehensive plan as reflected in the zoning regulations as adopted. When a master plan has not been officially adopted, the comprehensive plan is to be found in the zoning regulations themselves. Damick, supra, 81. It is consistent with the comprehensive plan of Westport to maintain lots that conform to the zoning regulations rather than to permit the creation of lots which are non-conforming.
Plaintiffs suggest that the denial of the Moyers' requests for variances is arbitrary and an abuse of discretion considering that a similar request was made by Richard Manville in 1989 and granted. Case law supports the notion that the granting of similar variances is irrelevant. Ward v. Zoning Board of Appeals, 153 Conn. 141
(1965); Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191
(1991).
Variances granted to other pieces of property are of no consequence when considering requests for variances in this matter because each individual parcel of property is unique and subject to individual scrutiny regarding variances. Haines, supra, at 191. The Connecticut Court of Appeals in the Haines case reversed the trial court which had found that because a previous, virtually identical, variance request had been granted, the board arbitrarily denied the plaintiffs' requested variances. Haines, supra, at 192.
In the present case, at least two years separated the Manville application from the Moyer application with intervening changes in CT Page 5301 Board membership. The granting or denying of zoning variances is not an exact science. Though the proposition that two similar applications should be treated similarly is a sound one, no two applications or pieces of property are ever identical and weight must be given to the Board's determination which takes into consideration their knowledge of local conditions.
There is no evidence in the record to ascertain whether the Board which existed in 1989 made a more correct determination regarding the Manville property than the Board made in 1991 regarding the 80 Bayberry Lane property. A board of zoning appeals which approves variances on the basis that one piece of property is under just as great a hardship as another for which a variance has already been granted, undertakes zoning legislation on an ad hoc basis and abuses the discretion with which it has been vested. Ward, supra, at 146.
Accordingly, the plaintiffs' appeal is denied.
WILLIAM F. HICKEY, JR., JUDGE