[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Board of Appeals of Newington denying the granting of a variance in lot size from 12,000 square feet to 8,000 square feet which appeal is governed by Section 8-8 of the Connecticut General Statutes.
At the court hearing on June 18, 1993, the plaintiff offered the testimony of Wayne T. Bell, Building Inspector of the Town of Newington. Mr. Bell testified that the plaintiff Robert Makoski was the owner of lots 100, 101, and 102 Hemlock Street, Newington. The parcel is 80 feet in width and 100 feet in depth, thus containing 8,000 square feet which is less than the required 12,000 square feet required in the zone. Because the plaintiff cannot use the lot for anything other than a garden, Mr. Bell believed that Mr. Makoski is an aggrieved person within the purview of the statute. Based upon the testimony of the witness, the court finds that the plaintiff is an aggrieved person within the meaning of § 8-8 of the Conn. Gen. Stat. and has standing to bring this appeal.
There is no dispute as to the basic history of the site in question. The parcel in question is described on the 1923 map "Golf Club Heights" comprised of the three lots, each 30 feet by 100 feet (depth) for a total dimension of 90 feet by 100 feet. (Return of Record, Exhibit 10). Abutting the parcel to the west are lots 103, 104, and 105 fronting on Maple Hill Avenue which when combined have total dimension of 100 feet by 117 feet, more or less. (Return of Record, Exhibit 10).
Lots 100-105 (6 lots) were conveyed to Anna Gerent CT Page 6581-A by John Carlson by Warrantee deed dated June 29, 1948 and recorded the same day. (Return of Record, Exhibit 28).
On July 20, 1948, Paul Gerent applied for and received a building permit from the Town of Newington to erect a house, attached garage and breezeway on lots "100 to 105 including 186 Maple Hill Avenue and Hemlock Street." (Return of Record, Exhibit 11). It was necessary at that time to utilize portions of lots 100, 101 and 102 in combination with lots 103, 104 and 105 to obtain sufficient rear yard space to comply with the existing zoning regulations because of the size of the house, breezeway and attached garage proposed.
Subsequently their property, lots 100 through 105 was transferred as a unit through successive deeds until 1984. By deed recorded April 26, 1984, the owner of the six lots transferred lots 103, 104 and 105 to Bruce J. Gelazin. (Return of Record, Exhibit 32). The remaining portion of lots 100, 101, and 102 were then transferred to Frank Makoski and recorded August 1, 1990. (Return of Record, Exhibit 33). The plaintiff received lots 100, 101 and 102 (portions thereof) by Quit Claim deed from Frank Makoski recorded August 2, 1990. (Return of Record, Exhibit 34).
The plaintiff requested a variance of 4,000 square feet on the lot area (lots 100, 101, and 102 portions) reducing it from 12,000 square feet required by the zoning regulations to 8,000 square feet. The petition for the variance was heard and acted upon by the defendant Zoning Board of Appeals and was denied.
The plaintiff has brought this action under the appropriate statutes claiming that the defendant board acted illegally, arbitrarily and in abuse of its discretion vested in it, in that:
a) It failed to find that the premises are a preexisting nonconforming lot, since the lots in question are depicted on a subdivision map dated June 1, 1923 and filed June 24, 1923 with the Newington Town Clerk, and that the initial zoning ordinance was adopted by the Town of Newington on March 13, 1931.
b) It failed to find the hardship which was created and arose directly out of the application of the present zoning CT Page 6581-B ordinance as applied to the appellant's premises.
c) It failed to find that the nonconformity arose with the enactment of the zoning regulation and not created by the appellant.
d) It failed to find that where a nonconformity exists, it is a vested right which adheres to the land.
e) It failed to find that the denial of the variance restricts the use of appellant's premises for any reasonable purpose.
f) It failed to recognize that many of the surrounding lots do not satisfy the size or square footage requirements now encompassed in the zoning regulations, and the denial is inconsistent with the purpose and intent of the zoning ordinance.
g) The denial impairs the Town's Comprehensive Plan which provides for residential use for this area.
It is the claim of the plaintiff that the parcel contains 9,000 square feet including a strip 10 feet in width and 100 feet in depth to be deeded to 186 Maple Hill Avenue leaving the remaining property of 8,000 square feet in size. Plaintiff further claims that these lots had been in existence prior to the adoption of zoning regulations in Newington and no merger of the six lots had occurred.
The plaintiff further claims that the reasons given for the denial i.e. that it is is not a viable building lot and there was no hardship presented are without foundation. The claim of the plaintiff is that the decision was arbitrary and an abuse of its discretion.
The defendant relies on the Zoning Regulations which state, in part:
 "5.1.1 A dwelling unit or non-residential building may be erected on a lot of less width or area or both than required provided that:
 A. The lot is clearly shown or described as a separate and distinct building lot on a map, or other CT Page 6581-C instrument duly recorded in the Town Clerk's office. . .
 B. No owner of such lot or lots at any time since it became nonconforming shall have owned adjacent land which may be or could have been included as a part of the lot in question. . .
The issue before the court is whether the six contiguous lots were merged at any point in time. The plaintiff claims that no merger took place. It is the contention of the defendant board that a merger did, in fact, take place when the building permit was requested. An examination of the building permit (Return of Record, Exhibit 11) reveals that in the upper right portion of the document is written the words "Lots 100 to 105 including, 186 Maple Hill Avenue and Hemlock Street." The rear lots, 100, 101 and 102 Hemlock Street were needed and added to lots 103, 104 and 105 to provide enough set-back depth to the rear of the structures to comply with the then Zoning Regulations. (Return of Record, Exhibit 19).
"An owner of contiguous parcels of land may merge those parcels to form one tract if he so desires to do so. An intent on the part of the owner to do so may be inferred from his conduct with respect to the land and the use he makes of it. . . . Intent is a question of fact. Hoagland v. ZoningBoard of Appeals, 1 Conn. App. 285, 290 (1984)"; Molec v.Zoning Board of Appeals.
There is no doubt in the court's mind that a merger occurred at that moment in time. To make matters worse, the hardship was created when the owner conveyed lots 103, 104 and 105. That parcel upon which the house now stands is in violation of the zoning because of insufficient rear set-back. (Return of Record, Exhibit 7, pp. 14-15). The defendant was fully justified in finding that there was no basis for granting the variance because the hardship was self created by the prior owner.
For the above reasons, judgment may enter for the defendant Board plus costs.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT CT Page 6581-D