[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, plaintiffs appeal from a decision of the Zoning Board of Appeals of the Town of Simsbury granting Nancy Augustine's appeal from a cease and desist order issued by the town's zoning enforcement officer.
For the reasons stated below, the appeal is denied.
Aggrievement
At the June 23, 1994, hearing in this case evidence was presented that Clifford Soucie owns land within 100 feet of CT Page 8483 the subject premises. Accordingly, the court finds that Soucie has demonstrated aggrievement. General Statutes § 8-8 (a)(1). No evidence was presented relating to Luther Cory Reynolds' aggrievement. The court therefore finds that he has not demonstrated aggrievement.
Facts
The material facts are essentially undisputed, and therefore will not be set out in length. To summarize very briefly, on February 26, 1993, the Simsbury zoning enforcement officer issued a cease and desist order directed to Nancy Augustine, d/b/a Bargain Fun Attic, as tenant, and to landlord Aerospace Industries, Inc., one of the owners of the building where her business was located at 2 Tunxis Road in Tariffville. The business, a thrift shop, is located within a flood plain zone, which permits only limited use as recreation, agriculture, or open space, and certain limited uses after special exception. The property has been the subject of previous applications, appeals and orders in recent years.
On March 26, 1993, Augustine filed an application with the Simsbury Zoning Board of Appeals seeking review of the zoning enforcement officer's order. A public hearing was held on April 28, 1993. On May 26, 1993, the board granted the application.
On June 16, 1993, the instant appeal was filed. At the June 23, 1994 hearing, plaintiff pursued two arguments. First, plaintiff argued that the instant appeal was inconsistent with a prior final judgment of Simsbury's zoning commission and is thus barred under the doctrine of res judicata. Second, plaintiffs argue that the decision of the Zoning Board of Appeals exceeded the scope of its authority under General Statutes §§ 8-6 and 8-7 in that the ZBA had authority only to uphold, reverse or modify the zoning enforcement officer, butnot to undertake a de novo hearing and determine, as it did, that a pre-existing, non-conforming use existed. The court is not persuaded by either of plaintiff's contentions.
Preliminarily, the court rejects the argument, put forth by plaintiffs, that defendants have the burden in this appeal. In the court's view, plaintiff carries the burden in this appeal of demonstrating that the ZBA acted illegally or abused its discretion when it reversed the zoning enforcement CT Page 8484 officer. Caserta v. Zoning Board of Appeals, 226 Conn. 80
(1993). This court should not substitute its judgment for the board, unless the board's acts are clearly illegal or arbitrary.Burnham v. Planning and Zoning Commission, 189 Conn. 261,266 (1983). The operative question is not whether this court would have reached the same conclusion that the board did, but whether the record before the board provides support for its decision. Id. The board acts with broad discretion when it reviews the actions of a zoning enforcement officer.Calandro v. Zoning Commission, 176 Conn. 439, 440-442 (1979).
Plaintiff's first argument, as mentioned, is that the instant action is barred by the doctrine of res judicata. Plaintiff argues that an application involving the same retail use by Augustine was heard by the zoning commission and decided adversely on April 6, 1992, when the commission decided that retail use was not a grandfathered use. Plaintiff argues further that this previous decision of the zoning commission was appealed to the Superior Court by Nancy Augustine (Nancy Augustinev. Simsbury Zoning Commission, et al, CV 92-512606, Judicial District of Hartford/New Britain at Hartford). It is uncontested that this appeal was withdrawn by Augustine. Plaintiff's argument fails because he cites no authority in support of his contention that withdrawal of an appeal of a decision of a zoning board of appeals is the equivalent of a final judgment triggering res judicata. As is noted in Wade's Dairy Inc. v.Fairfield, 181 Conn. 556, 559 (1980), for the doctrine of resjudicata to come into play, there must be a final judgment by a court of competent jurisdiction ruling on the merits of a controversy. Here, there was no such final judgment on the merits in the withdrawn case. Corey v. AVCO-Lycoming Division,163 Conn. 309, 318 (1972). As is noted in Corey at page 318, ". . . the doctrine of res judicata may apply to a judgment rendered by a court on review of a decision made by an administrative body." There is no indication in this case that a judgment was rendered by a court on review of the zoning commission's earlier adverse decision. See also 46 Am.Jur.2d, Judgments, § 455. See also Duhaime v. American Reserve Life Insurance Co.,200 Conn. 360 (1986).
Plaintiff's second argument is based on his reading of General Statutes §§ 8-6 and 8-7. However, plaintiff cites no authority directly on point for the proposition that these sections should be narrowly read to limit the ZBA's authority in cases such as the instant one. Both Caserta and Hoagland v.CT Page 8485Zoning Board of Appeals, 1 Conn. App. 285 (1985), suggest that under §§ 8-6 and 8-7, the ZBA acted well within its authority to conduct a de novo hearing and reverse the zoning enforcement officer. Moreover, the plain language of the statutes themselves argues against plaintiff's position. Section 8-6 states that zoning boards of appeals shall have the power to "hear and decide" appeals where there is an error in "any order, requirement or decision" made by a zoning enforcement officer. Apparently, the ZBA felt that was the case in the instant matter. Section8-7 makes explicit reference to the holding of a hearing at which a party may appear. As noted in Miniter v. ZBA,20 Conn. App. 302 (1989), General Statutes § 1-1(a) mandates that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of language." And as noted in Edelson v. Zoning Commission,2 Conn. App. 595, 599 (1984), "It is a cardinal rule of construction that statutes are to be construed so that they can carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself where the language is plain an unambiguous." In the absence of clear case law support for the proposition that the ZBA acted in excess of its authority, given its generally quasi-judicial functioning, and the plain language of the statutes implicated in this case, plaintiff's construction of the statutes is rejected, because it would frustrate the statute's objective.
A search of the record, Burnham v. Planning and ZoningCommission, supra, reveals that although the ZBA did not state the reasons for its decision, valid reasons and sufficient evidence existed for the ZBA to act as it did in light of the evidence presented to it indicating that a retail use existed at the mill before the flood plain was enacted. The ZBA apparently relied upon one exhibit in particular, ROR Exhibit 13, an April 2, 1993 letter from Elton Lewis, secretary of the prior owner, The Tariffville Manufacturing Co., which had not earlier been available to be presented to the zoning commission. As noted above, the question before this court is not whether it would have decided the matter as the ZBA did. The ZBA had wide discretion to weight witness credibility and the evidence it received. Torsiello v. Board of Appeals, 3 Conn. App. 47,49 (1984). The board's action must be sustained where the record supports any of the grounds relied upon. Hoagland, supra, at 290. In this case, on review of the record, it is the court's view that the ZBA understood what it was deciding and that its decision was supported by the evidence. CT Page 8486
In conclusion, the plaintiff has failed to sustain his burden on this appeal. The doctrine of res judicata did not operate to bar the ZBA from acting as it did under the General Statutes. The ZBA did not exceed its authority in acting as it did. The record provides support for the ZBA's action. The appeal is therefore denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT